Douglas H. Sprunt, Appellant,

*v.*

The Members of the Board of Trustees of the
University of Tennessee et al., Appellees.

443 S.W.2d 464

(*Jackson*, April Term, 1969.)

Opinion filed July 2, 1969.

Ernest Williams, III, Memphis, for appellant; Heiskell, Donelson, Adams, Williams & Wall, Memphis, of counsel.

Thomas R. Prewitt, Memphis, for appellees; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel.

MR. JUSTICE DYER delivered the opinion of the Court.

Dr. Douglas H. Sprunt appeals from the action of the chancellor in dismissing his original bill upon demurrer. The chancellor granted a discretionary appeal.

In 1944 the University of Tennessee employed Dr. Sprunt as Professor in and Chairman of the Department of Pathology, being one of the departments of the University's medical units located in Memphis, Tennessee. Dr. Sprunt remained continuously in this position until he retired on August 31, 1968, and from the record before us it is apparent his administration of this department has been very successful.

On August 3, 1968, Dr. Sprunt reached his 68th birthday. Prior to February 2, 1968, Dr. Sprunt's superiors at the Medical Unit recommended to the Board of Trustees of the University that Dr. Sprunt be retired as an employee effective August 31, 1968. Dr. Sprunt was given notice of this action. The Trustees met on February 2, 1968, with the matter of Dr. Sprunt's retirement on the agenda. Dr. Sprunt with counsel appeared before the Board at this meeting and by oral and written statements supported his plea that he be allowed to continue in his present position until he reached age seventy. Upon consideration of the matter the Board of Trustees voted to retire Dr. Sprunt effective August 31, 1968.

On June 13, 1968, Dr. Sprunt filed his original bill, later amended, which inter alia, prayed for a writ of certiorari under authority of T.C.A. 27-901, to review the action of the Board of Trustees. The chancellor granted the writ and the Minutes of the Board of Trustees were filed. In response to the bill the Board of Trustees filed a motion to dismiss which was treated by the chancellor as a demurrer. The chancellor sustained the demurrer on the ground Dr. Sprunt had no right of tenure by any statute or regulation of the University beyond age 65, and further that the Board of Trustees in retiring Dr. Sprunt simply exercised an administrative function. The chancellor also found that since the Board of Trustees did not retire Dr. Sprunt on the ground of any charges against him, the hearing before the Board was a mere courtesy, and under these circumstances there would be no right of review under T.C.A. 27-901.

In 1941 the Board of Trustees, pursuant to statutory authority (Chapter 42, Public Acts of 1941), instituted a retirement system for all employees of the University and promulgated regulations governing same. Under these regulations an employee at his option could retire upon reaching age 65. The Board of Trustees had an option of retiring any employee between the ages of 65 and 70. Upon reaching the age of 70 the employee was automatically retired unless by proper action his tenure was extended on a year-to-year basis. In 1958 the Board of Trustees amended the regulations in regard to retirement of employees. After this amendment the automatic age of retirement was set at 65 with the right of the Board of Trustees to extend employment on a year-to-year basis until age 70.

The minutes of the Board of Trustees for February 2, 1968, reflect without doubt the Board either under retire-

ment regulations of 1941, or as amended in 1958, acted within its authority in the retirement of Dr. Sprunt, since at that time he had reached an age beyond 65.

Dr. Sprunt insists his retirement was due to cause, which we construe to claim, in effect, there were charges against him. This claim is based primarily upon a memorandum dated September 14, 1967, from Dr. Rowland H. Alden, Dean of the School of Basic Scientists, of which the Pathology Department is a part, to Dr. Homer F. Marsh, Chancellor of the Medical Units, with a copy to Dr. Sprunt. This memorandum recommending the retirement of Dr. Sprunt does reflect a serious difference between Dr. Alden and Dr. Sprunt in the employment of personnel and the operation of the Pathology Department. As we understand the argument these differences of opinion caused Dr. Alden and Dr. Marsh to recommend to the Board of Trustees the retirement of Dr. Sprunt, which is the same as recommending his retirement for cause and presents a matter upon which Dr. Sprunt should be heard. This argument really goes to the motives of Dr. Alden and Dr. Marsh in recommending Dr. Sprunt's retirement. Presuming Dr. Sprunt is correct in his difference of opinion with Dr. Alden, this does not alter the fact the Board of Trustees has a lawful right to retire any employee of the University of Tennessee upon the employee reaching the age of 65, whatever the motives of the Trustees in so doing. As to whether this situation should exist does not address itself to the judiciary.

We affirm the chancellor in dismissing the original bill insofar as it sought a review of the action of the Board of Trustees in retiring Dr. Sprunt, but this opinion is not to be construed as holding the action of the Board

of Trustees under any circumstances cannot be reviewed under T.C.A. 27-901.

■ The original bill as amended also alleges a breach of contract on allegations that when Dr. Sprunt was employed in 1944, it was agreed by the then representatives of the University that unless terminated for cause or by mutual consent, Dr. Sprunt could remain with the University until he reached the age of 70. The chancellor upon demurrer dismissed the original bill as amended insofar as it sought specific performance of this alleged contract. The action of the chancellor is correct. This is an alleged contract for personal services and such is not a proper case for specific performance. See 81 C.J.S. Specific Performance sec. 82, pp. 591-592.

The chancellor reserved judgment on the right of Dr. Sprunt to amend his pleadings to sue for damages for breach of contract. The judgment of the chancellor is affirmed and the cause remanded for any further proceedings consistent with this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.